# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM GENE EATON,** | : |
| Plaintiff | : |
| | : CIVIL NO. 3:17-CV-0560 |
| v. | : |
| | : (Judge Caputo) |
| **SCHUYLKILL MEDICAL CENTER**, *et al.*, | : |
| Defendants | : |

# M E M O R A N D U M

## I.     Introduction

Plaintiff, William Gene Eaton, a federal inmate formerly housed at the Schuylkill Federal Correctional (FCI Schuylkill), in Minersville, Pennsylvania,[1] filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 asserting medical professional liability claims action against Schuylkill Medical Center East in Pottsville, Pennsylvania and John Doe private surgeons who have privileges at that facility. Mr. Eaton proceeds *in forma pauperis*.

Mr. Eaton asserts a claim of medical malpractice or negligence against the Defendants. The Schuylkill Medical Center East moves to dismiss Mr. Eaton's Complaint for failure to comply with the Certificate of Merit required as to medical negligence claims. (ECF No. 14, Mot. to Dismiss.)

For the reasons that follow, the Court will grant Defendant's motion to dismiss.

---

[1] Mr. Eaton filed this action while housed at his present facility, Devens Federal Medical Center in Ayers, Massachusetts. *See* ECF No. 1, Compl.

## II. Motion to Dismiss Standard of Review

When resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court can consider the allegations of the complaint as well as any "documents that are attached to or submitted with the complaint, . . . any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (brackets in original). The Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, _____ U.S. _____, _____ n.5, 134 S.Ct. 2056, 2065 n.5, 188 L.Ed.2d 1039 (2014) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102 - 03, 2 L.Ed.2d 80 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case—some complaints will

require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556 - 57, 127 S.Ct. at 1966). As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

Additionally, the Court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts, which affirmatively demonstrate that the plaintiff has no right to recover, is

properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

### III.     Allegations of the Complaint

While housed at FCI-Schuylkill, in Pottsville, Pennsylvania, Mr. Eaton suffered from heart failure. (ECF No. 1, Compl.) Prison officials sent him to the Schuylkill Medical Center East, a community based hospital, where he underwent surgery. Mr. Eaton contends the hospital's surgeons implanted a "dirty, enffected (sic) pace-maker in [his] chest in September 2015" which was "taken out Nov. 2015 due to swelling in [his] legs." (*Id.*) Mr. Eaton claims the surgeons and hospital were "indifferent" and exhibited "lack of professional attention" when they implanted an infected pacemaker in his chest. (*Id.*)

At some point in time, Mr. Eaton suffered a heart attack and received additional treatment at the Schuylkill Medical Center East. Upon his discharge on December 27, 2015, Mr. Eatson transferred to the Devens Federal Medical Facility in Ayers, Massachusetts. In November 2016, Mr. Eaton received a defibrillator and new pacemaker. Plaintiff has not experienced any swelling or discomfort in his legs since.

Mr. Eaton claims "[t]hen by default it can be deduced that negligents (sic) and malpractics (sic) and in violation pf petitioners (Eaton) Fifth and Fourteenth and Eight[h] Amendment were in fact violated to the indifferants (sic) of Schuylkill Medical Center, East" and the John Doe Surgeons who implanted the infected pacemaker in his body. (ECF No. 6, Supp. Compl.) He claims the hospital and surgeon were acting "under color of state

- 4 -

law" because FCI-Schuylkill contracted with them to provide medical services to him "under federal contract". (*Id*.)

Mr. Eaton claims to have "enclosed Certificates of Merits" with his supplemental complaint. (*Id*., p. 1.) The first is a letter dated November 20, 2015, from the Schuylkill Medical Center – East's Administrative Director of Quality, Patient Safety Officer. (*Id*., p. 11.) In that letter, the hospital representative stated that "[d]espite constant and committed efforts, sometimes patients acquire an infection during their hospital stay." (*Id*.) The letter acknowledges that he suffered from a "healthcare associated surgical site infection acquired during [his] stay in September 2015 and to advise [him] that the occurrence of the infection" was appropriately reported. In closing, the hospital representative noted, "[w]hile not all infections are preventable, we want to apologize for any discomfort or problems this infection may have caused and to stress the importance we place on preventing all infections." (*Id.*). The second "Certificate of Merit" is a clinical note from Mr. Eaton's February 8, 2016 appointment with a physician at UMass Memorial HealthCare. (*Id*., p. 12.) The two-week postoperative visit was following his "triple bypass with LIMA and veins and tricuspid valve repair with MC3 ring on January 13, 2016. His postoperative period was complicated by pleural effusions and failure to thrive." (*Id*.) Mr. Eaton appeared well at his appointment. There is no mention of Mr. Eaton's 2015 surgery at the Schuylkill Medical Center in this document.

In August 2017, Mr. Eaton advised the Court that he would provide a Certificate of Merit to the Court "by or before Septber (sic) (15th) (fifteenth)". *See* ECF No. 17. To date,

Mr. Eaton has failed to file a Certificate of Merit concerning the corporate and professional medical negligence claims plead in his Complaint.

Mr. Eaton acknowledges that he commenced a medical professional liability action against the Defendants in the Schuylkill County Court of Common Pleas on June 17, 2016. That action was subject to *non pros* due to Plaintiff's failure to file a Certificate of Merit (COM). On January 25, 2017, the Superior Court of Pennsylvania issued an order dismissing Plaintiff's appeal of that order due to his failure to preserve issues for appeal. *See Eaton v. Schuylkill Medical Center-East*, 1781 MDA 2016 (Pa. Super. March 17, 2017).[2] Plaintiff filed his present action on March 20, 2017. (ECF No. 1.)

**IV. Discussion**

**A. Jurisdiction**

Mr. Eaton argues that the Defendants are state actors for the purposes of 42 U.S.C. § 1983 because the Federal Bureau of Prisons transported him to the outside hospital for the sole purpose of receiving medical care. Section 1983 provides, in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured …

---

[2] The Court takes judicial notice of the electronic docket sheet in Mr. Eaton's appeal which is available via Pennsylvania's Unified Judicial Docket System at: https://ujsportal.pacourts.us (last visited April 9, 2018).

- 6 -

42 U.S.C. § 1983. To recover under § 1983, a plaintiff must establish that defendants "acted under color of state law to deprive the plaintiff of a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2554 - 44, 101 L.Ed.2d 40 (1988)).

The United States Court of Appeals for the Third Circuit looks at the following when identifying potential state action by private entities:

> Although there is no "simple line" between state and private actors, *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001), we have explained that "[t]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko*, 423 F.3d at 339 (internal quotation marks and citation omitted). To answer that question, we have outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Mark*, 51 F.3d at 1142 (other alterations, internal quotation marks and citations omitted). Under any test, "[t]he inquiry is fact-specific." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995); *see also Crissman v. Dover Downs Entm't Inc.*, 289 F.3d 231, 234 (3d Cir. 2002)

*Kach v. Hose*, 589 F.3d 626, 646 (3d. Cir.2009). In other words, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir 2017) (quoting *Blum v. Yaretesky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2783, 73 L.Ed.2d 534 (1982)).

Here, Mr. Eaton's assertion that prison authorities sent him to the Schuylkill Medical Center East and its John Doe private surgeons for cardiac care is insufficient to demonstrate that the hospital or private surgeons acted under color of state law. Mr. Eaton has failed to demonstrate, under any of the identified tests, that prison officials controlled, dictated, or otherwise guided, Defendants' surgical infection control protocols or practices. Mr. Eaton fails to suggest or demonstrate how state officials, or the prison officials, are responsible for the specific conduct of which he complains, the Defendants' faulty or inadequate surgical asepsis procedures when implanting his September 2015 pacemaker. As such, Mr. Eaton fails to establish this Court's jurisdiction pursuant to 42 U.S.C. § 1983. Thus, Mr. Eaton's state law claim of medical negligence to proceed, federal jurisdiction must be premised on diversity jurisdiction under 28 U.S.C. § 1332.

To establish diversity jurisdiction under 1332(a), the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1); *see also Douglas v. Joseph*, 656 F. App'x 602, 605 (3d Cir. 2016). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." *McCracken v. Murphy*, 328 F. Supp. 2d 530, 532 (E.D. Pa. 2004).

The Court takes judicial notice of Mr. Eaton's life sentence imposed by the Western District of Oklahoma on March 24, 1999 for Bank Robbery, Carrying a Firearm in Commission of a Bank Robbery, Felon in Possession of a Firearm, Obstruction of Justice, and Tampering with a Witness. *United States v. Eaton*, 208 F.3d 227 (10th Cir. 2000).

Thus, for purposes of deciding Defendant's motion, the Court will consider Mr. Eaton a citizen of Oklahoma, Defendants citizens of Pennsylvania, and the amount in controversy to exceed $75,000. Accordingly, the Court finds there is a sufficient basis to permit Mr. Eaton's state-law claims to proceed based on diversity of citizenship.

### B. Mr. Eaton's Failure to File a Certificate of Merit

Defendants move to dismiss Mr. Eaton's medical negligence claims arguing that Plaintiff has failed to comply with the requirements of state law when lodging his claims of professional negligence. Specifically, Defendants claim that Mr. Eaton has failed to comply with Pennsylvania Rule of Civil Procedure 1042.3 by not filing a valid certificate of merit with his medical negligence claim.

In Pennsylvania, to assert a professional liability claim against licensed professionals such as a physician, or a claim of corporate negligence against a hospital, state law requires a plaintiff to file a COM within sixty days of filing the complaint. *See Pa*. R. Civ. P. 1042.1 and 1042.3; *Liggon –Redding v. Estate of Sugarman*, 659 F.3d 258, 259 (3d Cir. 2011); *Stroud v. Abington Mem'l Hosp.*, 546 F. Supp.2d 238, 248 (E.D. Pa. 2008)("A COM is required as to corporate negligence claims that are premised on allegations that a hospital's actions fell below the applicable medical or professional standard, *i.e.*, where the claim is predicated upon facts constituting medical treatment."). The requisite COM, signed by an attorney or *pro se* party, must affirm that:

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside

>     acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim.

Pa. R. Civ. P. 1042.3(a). Under subsection 1042.3(d), a party can obtain an extension of time to file the COM "upon good cause shown."

The Third Circuit Court of Appeals has held that Rule 1042.3 "is substantive law," and must be applied to claims premised on Pennsylvania law presented in federal court. *See Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007). *Pro se* plaintiffs are not exempt from complying with the COM requirements of Rule 1042.3 due to their *pro se* status or due to their incarceration. *See Jackson v. Superintendent Greene SCI,* 671 F. App'x 23, 24 (3d Cir. 2016); *see also Baumgardner v. Ebbert*, 535 F. App'x 72, 77 (3d Cir. 2013). Failure to file a COM under Rule 1042.3(a) or a motion for an extension under Rule 1042.3(e) is fatal unless the plaintiff demonstrates that his failure to comply is justified by a "reasonable excuse." *Perez v. Griffin*, 304 F. App'x 72, 84 (3d Cir. 2008) (per curiam) (nonprecedenital). The purpose of the COM requirement is to "assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings." *Chamberlain v. Giampapa*, 210 F.3d 154, 158 – 61 (3d Cir. 2000).

In this instance, Mr. Eaton initiated this action on March 20, 2017. (ECF No. 1, Compl.) He clearly asserts claim of professional medical negligence against the individual John Doe Defendants and a claim of corporate negligence against the hospital. (*Id.*) The

Schuylkill Medical Center and John Doe Surgeons waived service on May 25, 2017. (ECF Nos. 9 and 10.) The Defendants filed a Notice of intention to enter judgment for *non pros* due to Mr. Eaton's failure to file certificates of merit as required by Pa R. Civ. P. 1042.3. (ECF No. 11.) Mr. Eaton responded that as a *pro se* litigant he cannot afford a medical expert and seeks appointment of counsel to obtain medical experts who "can make a good case in support of plaintiff." (*Id.*, p. 3.) Alternatively, he argues that Pennsylvania's certificate of merit rules do "not state or require an incarcerated person male or female, to meet these standards." (ECF No. 17, p. 2.) As noted above, Mr. Eaton is not exempt from complying with Rule 1042.3's COM requirement as to his claims of medical negligence simply because he precedes *pro se* or is incarcerated. Likewise, the Pennsylvania rule is clear as to when the COM is to be filed, either at the time the complaint is filed or within sixty days of the filing of the complaint. Although the rule provides for an extension of that time period, a plaintiff must demonstrate that his failure to comply is justified by "reasonable excuse." *See* Rule 1042.3(d). The two documents Mr. Eaton submitted in conjunction with his Complaint (*see* ECF No. 6) do not satisfy the COM requirements and do not suggest negligence on the part of his treating physicians or the hospital with respect to the infection incurred at the time his original pacemaker was implanted. *See* Rule 1042.3(a). No physician has determined "that there exists a reasonable probability that the care, skill or knowledge" exercised by the surgeons or hospital "fell outside acceptable professional standards." (*Id*.) Moreover, Mr. Eaton fails to present a reasonable explanation or legitimate excuse for noncompliance with the COM requirement. This fact is underscored by the Schuylkill County Court's September 26, 2016, entry of *non pros* against Mr. Eaton

due to his failure to file a COM against the same Defendants for the exact same claims raised in this action.  Plaintiff has not presented good cause for a further enlargement of time to produce a COM or his failure to present one to date.  As a result, any professional liability claims against the John Doe surgeons and corporate negligence claim against the hospital will be dismissed without leave to amend.

An appropriate order follows.

**Date: April 9, 2018**                               /s/ A. Richard Caputo
                                                                 **A. RICHARD CAPUTO**
                                                                 **United States District Judge**